AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MARCOS PEREIRA, | ) | Case No. 13-8020-DLB |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.
JAN 11 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 7, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1326(a) | Attempted Illegal Reentry after Deportation |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jason A. Varkus, Special Agent, ICE/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __1-11-13__

_____
*Judge's signature*

City and state: __West Palm Beach, FL__    U.S. Magistrate Judge Dave Lee Brannon
*Printed name and title*

AFFIDAVIT

I, Jason A. Varkus, being duly sworn, depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since August 2010. I am currently assigned to the Office of the Assistant Special Agent in Charge in West Palm Beach, Florida.

2. As a Special Agent of Homeland Security Investigations, I have received 23 weeks of training at the Federal Law Enforcement Training Center, which included the application of Federal Statutes, Federal Court procedures, and the techniques required to insure the admissibility of evidence at trial. As a Special Agent with ICE/HSI, my duties and responsibilities include enforcing criminal immigration laws of the United States. I have also conducted and participated in investigations of this nature.

3. I am familiar with the facts and circumstances surrounding this investigation as set forth herein, both from my own investigative efforts and from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to believe that **Marcos PEREIRA** committed the offense of attempted illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

4. On or about January 07, 2013, United States Coast Guard (USCG) Cutter Bluefin stopped a white and blue 34' Wellcraft Grand Sport vessel bearing Florida registration number FL9289MK approximately three nautical miles east of the Lake Worth Inlet in Palm Beach County, Florida. Upon approaching the vessel, USCG Cutter Bluefin activated its blue lights.

USCG personnel observed the driver of the vessel step away from the wheel and go into the cabin. USCG personnel boarded the vessel and discovered 22 individuals on board. On board the vessel there were 14 Haitian nationals, five Brazilian nationals, one Bahamian national, one Dominican national and one Jamaican national. Through interviews and federal database inquiries it was revealed that none of the individuals on board had lawful immigration status to be present in the United States. Some of the aliens were brought ashore on January 10, 2013, and others were repatriated to their home country by the U.S. Coast Guard.

5. One of the Brazilian nationals who was brought ashore was identified as **Marcos PEREIRA** (DOB: 08/21/1978) and his fingerprints were taken. Queries of several federal indices indicated that **PEREIRA** had been previously deported on July 22, 2002 from the United States to Brazil.

6. Your Affiant has reviewed several records contained within PEREIRA's immigration file, bearing control number A79 729 912, which is the receptacle for all information maintained by ICE about an alien. Records within this alien file assigned to **Marcos PEREIRA** show that he is a native and citizen of Brazil. Records further show that on or about June 13, 2002, **PEREIRA** was ordered removed from the United States. The Order of Removal was executed on or about July 22, 2002, whereby **PEREIRA** was removed from the United States to Brazil.

7. Fingerprints obtained from **PEREIRA** when he was taken into immigration custody were put into the IAFIS system and were a positive match to the fingerprints taken from the person that had been previously deported by ICE referencing the name **Marcos PEREIRA** and FBI #482354MB1. Your Affiant has also reviewed the photograph of **Marcos PEREIRA**

2

that appears in the A-file and has compared it with the person currently in Immigration custody, and has confirmed that they are the same person.

8. On January 10, 2013, Homeland Security Investigations Special Agents interviewed **Marcos PEREIRA**. After waiving his *Miranda* Rights, **PEREIRA** stated that he had been previously deported from the United States to Brazil. He stated that he knew the vessel that he was found on was coming to the United States, that he wanted to come to the United States, and that he knew he was unauthorized to enter the United States without first seeking permission from United States Immigration officials.

9. Your Affiant performed a record check in the Computer Linked Application Information Management System (CLAIMS) to determine if **Marcos PEREIRA** filed an application for permission to reapply for admission into the United States after deportation or removal. After a diligent search was performed in that database system, no record was found to exist indicating that **Marcos PEREIRA** obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security for re-admission into the United States as required by law.

10. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about January 7, 2013, **Marcos PEREIRA,** an alien who had previously been deported and removed from the United States attempted to enter the United States without

having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Jason A. Varkus
United States Immigration and Customs Enforcement
Homeland Security Investigations

Subscribed and sworn to before me
this 11th day of January, 2013.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. __13-8020-DLB__

UNITED STATES OF AMERICA

vs.

MARCOS PEREIRA,

        **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

BY: _/s/ A. Marie Villafaña_

    A. MARIE VILLAFAÑA
    ASSISTANT UNITED STATES ATTORNEY
    Ann.Marie.C.Villafana@usdoj.gov
    FL BAR NO. 0018255
    500 S. Australian Avenue, Suite 400
    West Palm Beach, FL 33401-6235
    Tel: (561) 820-8711
    Fax: (561) 820-8777